Conde T. Cox, OSB #090977
conde@lawofficeofcondecox.com
Law Office of Conde Cox
P. O. Box 1379
Ashland, OR 97520
Telephone: (541) 944 -7788
Federal Court Counsel for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

DAVID STAPLETON,
in his capacity as Receiver for
the Receivership Entity, including for Zadeh Kicks, LLC,

        Plaintiff

v.                  Case No.  6:23-cv-01977-AA

<u>DEFENDANTS' MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,
WITH MEMORANDUM IN SUPPORT
(REQUEST FOR ORAL ARGUMENT)</u>

DEADSTOCK LA, INC. a California corporation, and
ELY HALAVI, an individual and California resident.,

        Defendants

Defendants Deadstock LA, Inc. and Ely Halavi, hereby file, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, ("FRCP"), this Motion To Dismiss For Lack of Personal Jurisdiction, and shows as follows:

Local Rule 7-1 Statement

Counsel for Defendants hereby certifies, pursuant to LR 7-1, that the parties made a good faith effort by way of a Zoom teleconference to resolve the dispute, but were unable to do so at this time.

Special Appearance, Not General Appearance

This Motion is filed strictly as a special appearance by Defendants seeking dismissal for lack of personal jurisdiction and does not constitute a general appearance by Defendants nor does it constitute consent to the exercise of jurisdiction by any court in Oregon over either Defendant.

Motion To Dismiss

Defendant hereby moves to dismiss the captioned civil action, for lack of personal jurisdiction over Defendants, pursuant to Rule 12(b)(2), FRCP, and allege as follows:

1. Plaintiff's Complaint admits that Defendant Deadstock LA Inc. is a California corporation with its principal place of business in California.

2. Plaintiff's Complaint does not allege that Defendant Deadstock LA Inc. has conducted business in Oregon.

3. Plaintiff's Complaint admits that Defendant Ely Halavi is a California resident who has conducted business in California.

...

4. Plaintiff's Complaint does not allege that Defendant Ely Halavi has conducted business in Oregon.

5. Plaintiff's Complaint does not allege any facts to show that either Defendant engaged at any time in any conduct constituting constitutional "minimum contacts" with the State of Oregon.

6. Plaintiff's Complaint does not allege that either Defendant ever engaged in any conduct or participated in any activity in Oregon such that either Defendant "purposefully availed" himself or itself of the protection or application of the laws of the State of Oregon or of the privilege of conducting business in Oregon.

7. Plaintiff's Complaint does not allege that either Defendant has engaged at any time in "substantial" contacts or in "continuous and systematic" contacts with the State of Oregon.

8. Plaintiff's Complaint does not allege that either Defendant engaged in specific contacts with the State of Oregon that relate to either of the two causes of action described in the Complaint.

9. Plaintiff's Complaint does not allege that either Defendant engaged in specific contacts with the State of Oregon that gave rise to or that constitute the basis for either of the two causes of action described in the Complaint.

10. Plaintiff's Complaint does not all that either Defendant engaged in any contact or entered into any transaction in the State of Oregon with the person(s) for which Plaintiff has been appointed Receiver.

WHEREFORE, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction over Defendants.

Respectfully submitted,

*/s/ Conde T. Cox*

Federal Court Counsel for Defendants
Conde T. Cox, OSB #090977
Email: conde@lawofficeofcondecox.com
Law Office of Conde Cox
P. O. Box 1379
Ashland, OR 97520
Telephone: (541) 944 -7788

# CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing Motion To Dismiss For Lack of Personal Jurisdiction, With Memorandum In Support, was served on January 4, 2024, via the Court's CM/ECF system upon all counsel of record in this case, and also upon the following:

     Daniel Larsen, by email: dlarsen@buchalter.com

     Daniel Larson
     805 SW Broadway, Suite 1500
     Portland, OR 97205
     By first class mail

     Oren Bitain, by email:  obitain@buchalter.com

     Oren Bitain
     1000 Wilshire Blvd, Suite 1500
     Los Angeles, CA 90017
     By first class mail

     */s/ Conde T. Cox*

Conde T. Cox, OSB #090977
conde@lawofficeofcondecox.com
Law Office of Conde Cox
P. O. Box 1379
Ashland, OR 97520
Telephone: (541) 944 -7788
Federal Court Counsel for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

DAVID STAPLETON,
in his capacity as Receiver for
the Receivership Entity, including for Zadeh Kicks, LLC,

        Plaintiff

v.                                    Case No.  6:23-cv-01977-AA

<u>DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS CASE
FOR LACK OF PERSONAL JURISDICTION</u>

DEADSTOCK LA, INC. a California corporation, and
ELY HALAVI, an individual and California resident.,

        Defendants

Non-resident Defendants Deadstock LA, Inc. and Ely Halavi, hereby file, pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, ("FRCP"), this

Memorandum in Support of Defendants' Motion To Dismiss Case For Lack of Personal Jurisdiction.

1. <u>Oregon Long Arm Statute</u>

Oregon's long arm statute, Oregon Rule of Civil Procedure ("ORCP") 4, extends personal jurisdiction to the extent permitted by federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990); *Tech Heads, Inc. v. Desktop Serv. Ctr., Inc.,* 105 F. Supp.2d 1142, 1144 (D. Or. 2000). The application of this statute and its constitutional limits of operation are the exactly same in Oregon state courts as in this United States District Court, by reason of operation of Rule 4(k), FRCP, which incorporates the forum state's long arm statute as the sole basis upon which personal jurisdiction may or may not be exercised over a non-resident Defendant.

2. <u>Constitutional Limits of Long Arm Jurisdiction</u>

Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316 (1945)(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

As Oregon's federal U. S. Magistrate Mark Clarke observed in the case of *Entertainment Radio Network LLC v Time, Inc.*, 2016 WL 4697367, *adopted,* 2016 WL 4703855, (by U.S. District Judge Ann Aiken), there are two circumstances in which a non-resident Defendant may be constitutionally hailed, consistent with *International Shoe*, into court under a long arm statute: (i) if the Defendant has engaged in systematic or substantial and continuous contacts in the forum state, known as "general jurisdiction;" or (ii) the Defendant has engaged in contacts with the forum state that have a strong relationship to the cause of action, known as "specific jurisdiction."  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986).  *See also Ziegler v. Indian River County*, 64 F .3d 4 70, 4 73 (9th Cir.1995).

    a. <u>The Complaint fails to allege any facts to support a conclusion that either Defendant is subject to "general jurisdiction" in Oregon</u>

"For general jurisdiction to exist over a nonresident defendant, the defendant must engage in continuous and systematic general business contacts ... that approximate physical presence in the forum state." *Schwarzenegger v Fred Martin Motor*, 374 F.3d 797 at 801 (9th Cir. 2004).  Where a corporate defendant is neither headquartered nor incorporated in the forum state, and where an individual Defendant is not a resident of the forum state, for a district court's exercise of general personal jurisdiction over it to be proper, the Defendant's general business contacts

with that state must be so continuous and systematic "as to render it essentially at home" there. *Daimler AG v. Bauman*, -U.S.-, 134 S.Ct. 746, 761 (2014), quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, - U.S.-, 131 S.Ct. 2846, 2851 (2011).

In this case, the Complaint fails to allege any facts suggesting that there has been, at any relevant time, a continuous or systematic presence in Oregon by either non-resident Defendant. There is thus no factual basis alleged in the Complaint upon which "general personal jurisdiction" could be exercised over either Defendant under the Oregon long arm statute.

> b. The Complaint fails to allege any facts to support a conclusion that either Defendant is subject to "specific jurisdiction" in Oregon

U. S. Magistrate Judge Mark Clarke also observed in the *Entertainment Radio Network* case, *supra*, that the courts of the Ninth Circuit apply a three-pronged test for determining whether, in connection with a given claim, the exercise of "specific personal jurisdiction" over a nonresident defendant could be proper:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> 3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

Plaintiffs bear the burden of establishing that Defendants purposefully availed themselves of Oregon and thus the Plaintiff must at a minimum allege sufficient facts in its Complaint to satisfy that burden. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990).  *See also Battig v Lombardo*, 2000 WL 1847575 (D.Ore.) (Judge Robert Jones).

In this case, Plaintiff's Complaint fails to allege any facts that either Defendant purposefully directed any activities toward Oregon or that either Defendant consummated any transaction in Oregon or that either Defendant performed any act that could be characterized as "purposefully availing" either Defendant of the privilege of conducting business in Oregon.  The Complaint also fails to allege that any activities were ever conducted by either Defendant in Oregon that relate to the causes of action asserted in the Complaint.  Such causes of action assert that Defendants "received payments" in California and further assert that Defendants in California were "unjustly enriched," neither of which causes of action are alleged in the Complaint to have involved any activity on the part of either Defendant in Oregon.  Therefore, there is no allegation in this case of any activity by these Defendants in Oregon that would support the exercise of jurisdiction over them via Oregon's long arm statute.

With no allegation of any facts that demonstrate minimum constitutional contacts with Oregon for either Defendant, it would be unreasonable and not comport with self-evident notions of fair play and justice for Plaintiffs to rely upon Oregon's long arm statute to exercise jurisdiction over either of these Defendants in this case initiated by Plaintiff.

Accordingly, without any factual allegations by Plaintiff in his Complaint to establish either general or specific jurisdiction over Defendants via Oregon's long arm statute, this civil action must be dismissed, pursuant to Rule 12(b)(2), FRCP.

Respectfully submitted,

*/s/ Conde T. Cox*

Federal Court Counsel for Defendants:
Conde T. Cox, OSB #090977
Email: conde@lawofficeofcondecox.com
Law Office of Conde Cox
P. O. Box 1379
Ashland, OR 97520
Telephone: (541) 944 -7788

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Memorandum In Support of Motion To Dismiss For Lack of Personal Jurisdiction was served on January 4, 2024, via the Court's CM/ECF system upon all counsel of record in this civil action, and also upon the following:

      Daniel Larsen
      By email: dlarsen@buchalter.com

      Daniel Larson
      805 SW Broadway, Suite 1500
      Portland, OR 97205
      By first class mail

      Oren Bitain
      By email:  obitain@buchalter.com

      Oren Bitain
      1000 Wilshire Blvd, Suite 1500
      Los Angeles, CA 90017
      By first class mail


                              */s/Conde T. Cox*